IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES ALBERT JONES**                                                                    **PLAINTIFF**

**v.**                                                                               **No. 4:05CV95-D-A**

**LATISHA ROACH, ET AL.**                                                                **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of James Albert Jones, challenging the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed this lawsuit. The plaintiff complains that the Mississippi Department of Corrections is not interpreting its new Objective Classification System policy correctly and has thus placed him in the wrong custody classification. For the reasons set forth below, the instant case must be dismissed.

**Discussion**

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted); *see also Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). The plaintiff's dissatisfaction

with his current classification does not rise to the level of a constitutional violation. As such, the instant case shall be dismissed for failure to state claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of April, 2005.

    /s/ Glen H. Davidson
CHIEF JUDGE